QUESTION: May an elected city official who will complete 20 years of elective service at the end of his present term receive the benefits of s. 121.20, F.S., and at the same time receive retirement pay from the city's retirement plan?
SUMMARY: An elected municipal official who on October 1, 1973, was serving a term of office which, when completed, will give him or her 20 years of consecutive service as an elected municipal official is eligible for the noncontributory municipal pension benefits provided for by s. 121.20, F.S., even though he or she is presently a contributing member of the city's retirement system. The official may not draw any s. 121.20 pension benefits so long as he or she continues to serve the city as an officer or employee; nor may the official receive the pension benefits provided by s. 121.20 and, at the same time, the retirement benefits provided by the city's retirement plan, but must elect to receive the benefits of one or the other of the plans. Section 165.25, F.S. 1971, prior to its amendment and renumbering as s. 121.20 by Ch. 73-129, Laws of Florida, required each city in this state to budget funds sufficient to pay a pension equal to onehalf his or her final annual or monthly salary to each elected official who resigned after 20 or more consecutive years of elective municipal service. As amended and renumbered, s. 121.20 requires cities to provide either a contributory or a noncontributory retirement plan for their elected officials; and the requirement that funds be budgeted to pay the half-salary pension provided for by old s. 165.25 (and carried forward into s. 121.20) was amended to add this condition: ". . . when no other plan is available for elected local officials." Under a 1974 amendment to s. 121.20, F.S. (by Ch. 74-231, Laws of Florida), an elected municipal official who will have served 20 consecutive years at the end of a term being served on October 1, 1973 (the effective date of Ch. 73-129, supra), may have the benefit of the half-salary noncontributory pension even though the city has a retirement plan in which the officer is eligible to participate. (The opinions expressed in AGO's 073-316 and 073-350 — that an official of a city which has adopted a retirement system available to its elected officials must be eligible for and accept the benefits of the noncontributory pension provided by old s. 165.25 before the effective date of Ch. 73-129, Laws of Florida — are no longer correct as to the officials covered by the 1974 amendment, Ch. 74- 231, supra. Attorney General Opinion 074-185.) The officer may retire under s. 121.20 (old s. 165.25) and be reemployed by the city, if pension benefits are waived during the period of the reemployment with the city. Attorney General Opinion 074-63. Or the officer may retire under s. 121.20 (old s. 165.25) and be employed by the state or county — in which event membership in the Florida Retirement System is compensatory, s. 121.051(1), F.S. — and continue to draw the municipal pension. Attorney General Opinion 073-251. Presumably, after serving the appropriate number of years as a state or county employee, the former municipal official may retire from that employment and have the retirement benefits provided by the Florida Retirement System for the years of service as a state or county officer or employee, in addition to the half-salary pension earned by reason of the 20 years of consecutive service as an elected municipal official. I have the view, however, that a city official may not receive simultaneously from the city the benefits of two pension or retirement plans — the noncontributory pension plan provided for by s. 121.20, F.S. (old s. 165.25), and the benefits of a retirement system available to city officials. See s. 121.20(1), providing that The intent of the Legislature is to authorize and direct each city and town to provide a system of retirement for elected officials, but it is further the intent that each city or town may determine whether the system shall be contributory or noncontributory. (Emphasis supplied.) And, as noted above, under the express terms of s. 121.20(2), an elected official may have the benefit of former s. 165.25 only "when no other plan is available for elected local officials." While the city official eligible for s. 121.20, F.S. (s. 165.25), benefits would, I believe, have the option to elect to retire either under that statute or under the city's general retirement system, if eligible for retirement benefits under both, it would be contrary to the spirit and intent of the statute to receive the benefits of the old noncontributory pension plan and, at the same time, those of the city's retirement system. Cf. s.122.10, F.S. (the old State and County Retirement System), specifically prohibiting a state or county employee from receiving at the same time Ch. 122, F.S., benefits and those of the state's old noncontributory pension plan, s. 112.05, F.S.; and s.112.0501, id., directing the administrator of the Florida Retirement System to establish such rules and procedures "as may be necessary to prohibit such dual retirement for members of the Florida Retirement System or any retirement system consolidated therein pursuant to s. 121.011(2)." Your question is, therefore, answered in the negative.